UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUSSELL COLEMAN CONTRACTING, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-531-RLB** |
| **ELA GROUP, INC. ET AL.** | **CONSENT CASE** |

### ORDER OF DISMISSAL

This order is issued *sua sponte*. For the following reasons, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims.

On August 17, 2020, Russell Coleman Contracting, Inc. ("Russell Coleman") commenced this action against ELA Group, Inc. ("ELA") and United Fire and Casualty Company ("United") on the basis that the Court has subject matter jurisdiction under the Miller Act, 40 U.S.C. § 3133(b)(1) ("Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due."). (R. Docs. 1, 8). In its Complaint, Russell Coleman alleged that "United furnished the required payment bond to ELA with regard to the Project" and attached a copy of the bond. (R. Doc. 1 at 3; R. Doc. 1-7). Russell Coleman's claims under the Miller Act provided the Court with federal question jurisdiction under 28 U.S.C. § 1331. *See Arena v. Graybar Elec. Co.*, 669 F.3d 214, 218 (5th Cir. 2012).

On January 11, 2021, ELA and United filed a Third-Party Complaint against third-party defendant Amtek of Louisiana ("Amtek") to recover under a subcontract agreement. (R. Doc. 14). The Third-Party Complaint does not allege that the claim arises under the Miller Act.

On September 15, 2021, Russell Coleman, ELA, and United filed a Joint Motion to Dismiss, asserting that Russell Coleman's claims against ELA and United have settled and should be dismissed with prejudice. (R. Doc. 29). ELA and United, however, reserved the right to proceed on their third-party claims against Amtek. (R. Doc. 29 at 1).

On July 20, 2021, the Court granted the Joint Motion to Dismiss, and dismissed all claims asserted by Russell Coleman with prejudice. (R. Doc. 30). In doing so, the Court ordered the remaining parties to file briefing regarding the Court's continued exercise of subject matter jurisdiction over the remaining third-party action initiated under Rule 14.

ELA and Amtek timely filed a Joint Brief Regarding This Court's Continued Exercise of Subject Matter Jurisdiction. (R. Doc. 31).[1] ELA and Amtek argue that the Court should exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining ancillary state law claims.

When a district court dismisses all federal claims in a lawsuit, "the court generally retains discretion to exercise supplemental jurisdiction, pursuant to § 1367, over pendent state-law claims." *Del–Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 731 (5th Cir. 2011). A district court may decline the exercise of supplemental jurisdiction over state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367(c). In determining whether to exercise supplemental jurisdiction, the district court may look "to the statutory factors set forth by 28 U.S.C. § 1367(c), and the common law factors of judicial economy, convenience, fairness, and comity." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011).

---

[1] It is unclear why United did not file a brief as it asserts that it is a third-party plaintiff with respect to the Third Party Complaint. (*See* R. Doc. 14 at 4) ("United consents to this *Third Party Complaint* and joins herein to the extent of its surety interest.").

In the instant case, the Court has dismissed the federal claims over which the district court had original jurisdiction. The remaining parties concede that the claims now before the Court are state law claims over which the Court has no original jurisdiction. Accordingly, declining supplemental jurisdiction under 28 U.S.C. § 1367(c) is appropriate. In addition, the common law factors do not support the discretionary exercise of supplemental jurisdiction over these state court claims. The original plaintiff's claims have been dismissed. The remaining parties have not engaged in any substantive motion practice since the filing of the Third-Party Complaint.[2] There is also no indication that these contract claims will be prescribed if dismissed without prejudice. To the extent the remaining parties have engaged in discovery, that will streamline any action filed in State court with respect to their dispute.

Given the record, it is appropriate for the court to decline the exercise of supplemental jurisdiction over the remaining state law claims asserted by the defendants in their Third-Party Complaint.

Having considered the record,

**IT IS ORDERED** that the claims raised by the defendants ELA and United against Amtek in the Third-Party Complaint (R. Doc. 14) are **DISMISSED WITHOUT PREJUDICE**, with each party to bear its own attorneys' fees, court costs, and other litigation expenses.

Signed in Baton Rouge, Louisiana, on August 24, 2021.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

---

[2] The few motions filed have included unopposed motions seeking extensions of the Court's deadlines, ex parte motions seeking substitution of counsel, and the joint motion seeking dismissal of the Plaintiff. (*See* R. Docs. 20, 22,August 24, 2021 24, 25, and 29).